UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RICHARD ELLIOTT LANE, SR.,

    Plaintiff,

v.                                                                                          Case No. 3:21cv903-MCR-HTC

THE CIRCUIT COUNTY
IN THE FIRST JUDICAL CIRCUIT
FOR OKALOOSA COUNTY FLORIDA,

    Defendant.
_____/

REPORT AND RECOMMENDATION

Plaintiff, Richard Elliott Lane, Sr., a prisoner at the Okaloosa County Dept. of Corrections proceeding *pro se* and *in forma pauperis*, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983, against the First Judicial Circuit Court of Okaloosa County for alleged constitutional violations relating to his extradition from Clark County, Nevada. The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). Upon screening the complaint under 28 U.S.C. §§ 1915(e)(2)(B) & 1915A, the Court finds Plaintiff has failed to state a claim for which relief can be granted and that the deficiencies in his complaint

cannot be cured through an amendment. Thus, the undersigned recommends this matter be dismissed *sua sponte*.

## I. BACKGROUND

Plaintiff sues the First Judicial Circuit Court of Florida, Okaloosa County arguing his "civil rights were violated because of wrongful incarceration in reference to Fla. Stat. 961.06" when he was extradited from Nevada past the date a waiver of extradition expired. Specifically, he alleges he signed a 30-day waiver of extradition on March 18, 2021, and, on April 18, 2021 (31 days later, i.e., one day too late), Homeland Security Marshals, contracted by the Okaloosa ircuit court, arrived to pick him up from Clark County Detention Center and transport him to Okaloosa County Department of Corrections. The Okaloosa circuit court never filed a motion for extension of time to pick up Plaintiff. ECF Doc. 1 at 7. He was transported in handcuffs and shackles and arrived at Okaloosa County DOC on April 21, 2021, to be booked, arrested and incarcerated. *Id.*

The following is his complete "Statement of Claims":

In Reference to Section V when Homeland Security Marshalls took me into custody without a 15 day exten[sion] ever being filed by First Judicial Circuit of Florida, Okaloosa County under Constitution my civil rights were violated because of wrongful incarceration in reference to Fla. Stat. 961.06.

Case No. 3:21cv903-MCR-HTC

ECF Doc. 1 at 8.  For relief, Plaintiff seeks "monetary compensation both bonds of $10,000 each removed, pretrial services removed, immediate release from custody." *Id*.

## II.     LEGAL STANDARDS

Because Plaintiff is a prisoner proceeding *in forma pauperis* and seeking relief against a governmental entity, the Court is required to review his complaint, identify cognizable claims, and dismiss the complaint, or any portion thereof, if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. §§ 1915(e)(2)(B); 1915A(b).[1]  In reviewing Plaintiff's complaint, the Court must read Plaintiff's allegations in a liberal fashion.  *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

## III.    DISCUSSION

After reviewing Plaintiff's complaint, the Court finds the complaint is subject to dismissal because: (1) the Defendant is an organization that is not subject to suit under § 1983; (2) even if Plaintiff could name an appropriate "person" under § 1983 as a defendant, his claims, which arise out of a pending state criminal action, are barred by the *Younger* doctrine; (3) Plaintiff seeks release from custody, which relief

---

[1] *See Brown v. Aramark Correctional Services, LLC*, 2019 WL 2423977, at *1 n.2 (M.D. Fla. June 10, 2019) (noting that "the plain language of § 1915A makes clear that the section applies to complaints filed by pretrial detainees").

Case No. 3:21cv903-MCR-HTC

is only available in a habeas petition; and (4) Plaintiff cannot seek compensatory damages without physical injury.

### A. Plaintiff Sues an Organization That Is Not Subject to Suit.

A claim under 42 U.S.C. § 1983 requires Plaintiff to establish two (2) elements: (1) the alleged misconduct was committed by a person acting under color of state law and (2) this conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds Daniel v. Williams*, 474 U.S. 327 (1986); *Griffin v. City of Opa–Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001).

A state circuit court is not a "person" subject to suit under § 1983. *See Santillana v. Florida State Court System*, 2010 WL 6774486, at *3 (M.D. Fla. Jun. 4, 2010) (holding Seminole County Circuit Court is not a "person" under § 1983) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 67 (1989) and *Taylor v. Dep't of Pub. Safety*, 142 F. App'x 373, 374 (11th Cir. 2005)); *Williams v. Monroe Cnty. Dist. Attorney*, 702 F. App'x 812, 813-14 (11th Cir. 2017) (holding the district court did not err in dismissing claims against the courthouse, which is merely a building); *McCoy v. Monroe County Sheriff's Department*, 2020 WL 1068860, at *3 (S.D. Ala. Feb. 13, 2020) ("[d]ue to the courthouse's lack of legal existence, any claims against

the courthouse are frivolous as a matter of law"). Thus, because Plaintiff has not named a proper defendant, this action should be dismissed.

B. **Abstention under *Younger v. Harris*, 401 U.S. 37 (1971)**

Under the *Younger* doctrine, a federal court should abstain from exercising jurisdiction over a matter that is pending in state court. *See Younger v. Harris*, 401 U.S. 37 (1971). As the Eleventh Circuit has explained, "[f]ederal courts [should] abstain from hearing cases that would interfere with state proceedings where those proceedings are ongoing, they implicate important state interests, and there is an adequate opportunity to raise constitutional challenges in those proceedings." *Daniels v. Geraldi*, 578 F. App'x 811, 811 (11th Cir. 2014) (citing *Younger*, 401 U.S. at 37).

There are three (3) factors for a court to consider in determining whether abstention is required. "[F]irst, do [the proceedings] constitute an ongoing state judicial proceeding; second, do the proceedings implicate important state interests; and third, is there an adequate opportunity in the state proceedings to raise constitutional challenges." *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *see also Old Republic Union Ins. Co. v. Tillis*

*Trucking Co.,* 124 F.3d 1258, 1261 (11th Cir. 1997). Each of those factors are met here.

First, a review of Okaloosa County's online dockets reveals that Petitioner's case involves a pending state criminal proceeding in 2021 CF 965.[2] The online docket shows that the case is pending and that a pretrial conference is set for October 11, 2021.

The second *Middlesex* factor, whether the state proceedings implicate important state interests, also weighs in favor of abstention. States clearly have an interest in prosecuting violations of their laws. *See, e.g., Juidice v. Vail*, 430 U.S. 327, 335 (1977) (recognizing important state "interest in the enforcement of its criminal laws"); *Christman v. Crist*, 315 F. App'x 231, 232 (11th Cir. 2009) ("The ability to prosecute DUI charges is an important state interest . . . ."); *Bullard v. Gonzalez*, 2015 WL 13831711, at *5 (S.D. Fla. Aug. 31, 2015) (finding important state interest in prosecuting crime of battery on police officers and abstaining from civil rights claim for excessive use of force stemming from same incident).

Finally, the third *Middlesex* factor also weighs in favor of abstention; Plaintiff will have "an adequate opportunity in the state proceedings to raise constitutional

---

[2] A federal court may properly take judicial notice of state court dockets. *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 652 (11th Cir.), *cert. denied sub nom. Paez v. Inch*, 141 S. Ct. 309 (2020); Fed. R. Evid. 201(b)(2). Thus, as an initial matter, the undersigned will take judicial notice of Plaintiff's state court records, available at the following URL:
https://clerkapps.okaloosaclerk.com/benchmarkweb2/CourtCase.aspx/Details/3048289

Case No. 3:21cv903-MCR-HTC

challenges" to his extradition and bond amount. *See Middlesex*, 457 U.S. at 432. An adequate opportunity to raise constitutional challenges exists so long as state procedural law does not bar the party from raising the constitutional claim." *Daniels v. Geraldi*, 578 F. App'x 811, 811 (11th Cir. 2014). "[I]nterference in pending proceedings is inappropriate unless state law clearly bars the interposition of . . . [federal] constitutional claims." *Davis v. Lansing*, 851 F.2d 72, 76 (2d Cir. 1988) (internal quotation marks omitted) (citing *Middlesex*, 457 U.S. at 432). "The burden of showing inadequacy of state procedure for this purpose rests with the federal 'plaintiff'—here, [Lane]." *Id.* (citing *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1 (1987)). Plaintiff will have the opportunity to challenge the validity of his extradition, detention and bond status in his state criminal case, through state appeals and in state collateral proceedings. Thus, this Court should abstain from exercising jurisdiction over Plaintiff's claims.

## C.   Plaintiff Seeks Release from Custody in 1983, but Such Relief Is Only Available in Habeas Action

In addition to seeking monetary compensation, Plaintiff also seeks "immediate release from custody." ECF Doc. 1 at 8. However, a "prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'" *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)); *see also Johnson v. Chisholm*, No. 4:09-cv-143, 2009 WL 3481904, at *1 (S.D. Ga. Oct. 28, 2009) (explaining pretrial detainee

seeking preliminary and permanent injunctions of his state criminal proceedings, dismissal of his state charges, and immediate release failed to advance a cognizable claim under § 1983 because his sole remedy was to file a habeas petition under 28 U.S.C. § 2241). To the extent Plaintiff is challenging the fact and duration of his confinement, and is seeking release from that confinement, he is requesting habeas corpus relief. *See Christopher v. Glynn Cty.*, 2020 WL 5736597, at *4 (S.D. Ga. Sept. 2, 2020), *report and recommendation adopted*, 2020 WL 5735137 (S.D. Ga. Sept. 24, 2020).

As for the proper form of habeas relief, a challenge to the legality of pretrial detention (as opposed to detention pursuant to a judgment of conviction) is properly brought pursuant to 28 U.S.C. § 2241. *See Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1261–62 (11th Cir. 2004) ("The present habeas petition was initially brought pursuant to 28 U.S.C. § 2254. However, because this petition for habeas relief is a pre-trial petition it would only be properly asserted pursuant to 28 U.S.C. § 2241.").

Accordingly, to the extent Plaintiff seeks injunctive relief to release him from pretrial custody, that portion of Plaintiff's filing should be construed as a § 2241 habeas corpus petition rather than a § 1983 complaint. Before bringing a federal habeas action, a plaintiff is required to fully exhaust state remedies. *Wilkinson*, 544 U.S. at 79 (citing *Preiser*, 411 U.S. at 486). Here, there is no indication Plaintiff has

fully exhausted his state remedies; thus, he has not satisfied a necessary prerequisite for filing a federal habeas petition.

### D. Plaintiff Cannot Seek Compensatory Damages Without Physical Injury

Under 42 U.S.C. § 1997e(e), "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." Here, when this suit was filed, Plaintiff was a prisoner at Okaloosa D.O.C. and complains only of mental or emotional injuries suffered when in continuous custody as he was taken from Clark County, Nevada to Okaloosa County, Florida. He does not allege any physical injury. Therefore, he is not entitled to compensatory damages, which is the only monetary damages he seeks.

## IV. CONCLUSION

Although the Court should generally not dismiss a case without allowing the Plaintiff an opportunity to amend, the undersigned finds that the defects in the complaint are simply incurable and leave to further amend would be futile. *See Rance v. Winn*, 287 F. App'x 840, 841 (11th Cir. 2008) ("district courts need not permit amendment where it would be futile to do so"). Moreover, because this is a recommendation for dismissal, Plaintiff will be provided an opportunity to respond prior to dismissal. *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011)

Case No. 3:21cv903-MCR-HTC

(citations and internal quotation marks omitted) (before dismissing an action *sua sponte*, the court must ensure that it employs a procedure that is fair, which generally includes "provid[ing] the plaintiff with notice of its intent to dismiss or an opportunity to respond"); *see also, Shivers v. Int'l Bhd. of Elec. Workers Local Union*, 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating that a party has notice of a district court's intent to *sua sponte* grant summary judgment where a magistrate judge issues a report recommending the *sua sponte* granting of summary judgment).

Accordingly, it is respectfully RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A for failure to state a claim.

2. That the clerk be directed to close the file.

DONE AND ORDERED this 18th day of August, 2021.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to

challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.